# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NORTH CAROLINA
### EASTERN DIVISION

|  |  |  |
|---|---|---|
| TRUDELL MEDICAL INTERNATIONAL, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: 4:18-cv-00009-H-KS |
| | ) | |
| v. | ) | |
| | ) | |
| D R BURTON HEALTHCARE LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## <u>TRUDELL MEDICAL INTERNATIONAL'S BRIEF IN SUPPORT OF MOTION TO COMPEL AMENDED INVALIDITY CONTENTIONS</u>

As presently crafted, D R Burton Healthcare's ("DRB") invalidity contentions are a jumbled maze which exacerbate discovery and claim construction efforts in this case, and are hardly understandable, much less supportive of DRB's clear and convincing burden of proving invalidity of Trudell Medical International's ("TMI") patent-in-suit. DRB has simply put up an invalidity smoke screen to avoid committing to a *prima facie* validity attack while, at the same time, trying to ambush TMI during and after claim construction (with shifting non-infringement and invalidity positions).

Accordingly, TMI respectfully submits this brief in support of its motion to compel DRB to serve amended invalidity contentions in compliance with Local Civil Rule ("Rule") 303.3, and specifically, the requirements of: (i) Rule 303.3(a)(3), that if a combination of prior art references is alleged to make a claim obvious, "*each* such combination *must* be identified"; and, (ii) Rule 303.3(a)(4) for "[a] chart identifying where *specifically* in each alleged item of prior art each element of each asserted claim is found," without DRB's reservations, for example, that "other

support for D R Burton's contentions may be found elsewhere in the cited references" (*See* Ex. 1, defined below, at 19.)

## I. INTRODUCTION

DRB's First Amended Invalidity Contentions, dated June 14, 2019 (Ex. 1), drastically expanded the scope of DRB's invalidity case by adding a myriad of § 112 invalidity theories, along with a sixteenth asserted prior art reference. Those contentions, however, fail to comply with the essential requirements of Rule 303.3, and otherwise provide TMI only a hint as to DRB's prior art invalidity theories.

Specifically, DRB's obviousness contentions do not satisfy the requirements of Rule 303.3(a)(3), that if a combination of prior art references is alleged to make a claim obvious, "*each* such combination *must* be identified." DRB has not identified a *single* combination of prior art references it alleges renders a claim obvious. Rather, DRB has identified broad collections of references among the sixteen identified in its amended contentions that it alleges render individual claims obvious, each of which include numerous alternative sub-combinations. DRB's "hide-the-ball" strategy is an apparent attempt to preserve a limitless number of combinations so the obviousness case DRB will actually pursue on summary judgment or at trial can be formulated and disclosed as late as possible. However, in attempt to preserve everything, DRB has actually disclosed next to nothing, as its contentions do not narrow the issues or provide TMI with meaningful notice of DRB's obviousness theories, as fairly envisioned by the Local Rules.

DRB's contentions further muddy the waters by including open-ended reservations, such as: "[c]itations to the prior art references are exemplary; other support for D R Burton's contentions may be found elsewhere in the cited references," and "[t]he citations provided in the attached claim charts are representative of the teachings of the listed references." (Ex. 1, p. 19.) These

reservations are inconsistent with the local patent rules and, specifically, the requirement of Rule 303.3(a)(4) for "[a] chart identifying where *specifically* in each alleged item of prior art each element of each asserted claim is found," and Rule 303.6, that a party's preliminary invalidity contentions shall be deemed final, absent limited enumerated conditions, or for good cause under Rule 303.7. Instead, consistent with DRB's preservation strategy, these reservations do not narrow the issues or provide TMI with meaningful notice of DRB's invalidity theories.

## II. THE EVOLUTION OF DRB'S DEFICIENT INVALIDITY CONTENTIONS

Pursuant to the Case Management and Scheduling Order dated December 27, 2018 (D.I. 55), DRB served its Preliminary Invalidity Contentions on March 11, 2019. DRB's original invalidity contentions identified fifteen prior art references alleged to anticipate or render obvious the asserted claims of U.S. Patent 9,808,558 (the "'588 Patent"), along with a claim chart reproducing large portions of its identified references (without annotations or highlights) and, in various instances, a figure from an identified reference. DRB's original invalidity contentions did not identify any §112 invalidity theories, although disclosure of the same was explicitly required by Rule 303.3(a)(5).

On May 14, 2019, in response to the parties' Joint Motion for Discovery Conference (D.I. 83), the Court scheduled a telephonic discovery conference for May 16, 2019, to discuss the parties' positions regarding:

(1) DRB's stated intent to expand its invalidity contentions;

(2) the number of proposed claim elements for construction by the Court; and,

(3) the ten claim terms considered most significant to the disposition of this action.

(D.I. 86.)

During the May 16 discovery conference, the Court:

3

(1) directed DRB to file a motion to amend its preliminary invalidity contentions;

(2) indicated its intent to construe a total of ten terms or less, which issue would be revisited at a pre-*Markman* hearing; and,

(3) scheduled a subsequent telephonic hearing for May 29, 2019.

(*See generally* D.I. 91.)

DRB filed a motion to amend its preliminary invalidity contentions on May 17, attaching its proposed amended contentions as Exhibit A thereto. (D.I. 92.) DRB's proposed amended contentions added a sixteenth asserted prior art reference, numerous § 112 invalidity theories, and, like its original contentions, included a claim chart reproducing large portions of the sixteen identified references without annotations or highlights. (*See id.*) TMI opposed DRB's motion. (D.I. 96).

During the May 29 hearing, the Court:

(1) granted DRB's motion to amend;

(2) directed the parties to meet and confer regarding the proposed amended contentions' compliance with Rule 303.3; and

(3) ordered DRB to serve amended invalidity contentions by June 14.

(*See generally* D.I. 97.)

Counsel for TMI initiated the meet and confer process on June 4 via email to counsel for DRB, noting DRB's proposed amended contentions were deficient because they failed to:

(1) identify each combination of items of prior art alleged to render a claim obvious, as required by Rule 303.3(a)(3), and

(2) provide a chart identifying where specifically in each alleged item of prior art each element of each asserted claim is found, as required by Rule 303.3(a)(4), along with exemplary

4

case law in support thereof.  (*See* Ex. 2.)  During a telephonic meet and confer on June 6, counsel for DRB responded to TMI's email with general allegations that:

(1) the proposed amended contentions comply with Rule 303.3;

(2) DRB interprets TMI's exemplary case law differently than TMI and has supporting case law of its own[1];

(3) DRB would evaluate the case law and TMI's requests, and provide additional detail in its contentions as warranted; and

(4) TMI should defer consideration of these issues until after service of DRB's amended contentions on June 14.

Following the June 6 telephonic meet and confer, counsel for DRB emailed counsel for TMI with the case law DRB referenced during the call. (*See* Ex. 3.)

On June 14, DRB served its First Amended Invalidity Contentions.  (Ex. 1.)  While DRB's First Amended Invalidity Contentions purport to add limited additional specificity via bold-faced text included in the accompanying claim chart, they remain deficient for at least the reasons explained herein.

TMI reviewed DRB's identified case law and, on July 31, requested a subsequent meet and confer regarding the insufficiency of DRB's amended invalidity contentions.  A telephonic meet and confer took place on August 7.  TMI followed up the meet and confer with an email on the afternoon of August 7, and DRB responded on August 12.  Nonetheless, the parties have been unable to resolve their dispute.

---

[1] DRB did not provide this case law to TMI in advance of the June 6 telephonic meet and confer.

## III. OVERVIEW OF DRB'S AMENDED INVALIDITY CONTENTIONS

The following is an overview of the portions of DRB's First Amended Invalidity Contentions relevant to this motion. In general, DRB's amended contentions include **Sections A-F**, each corresponding to subsections (1)-(5) of Rule 303.3(a).

In **Section B** (Ex. 1, pp. 2-4), corresponding to Rule 303.3(a)(2), DRB identifies sixteen alleged prior art references that it contends anticipate and/or render obvious the asserted claims of the '588 Patent.

In **Section C** (Ex. 1, pp. 4-19), corresponding to Rule 303.3(a)(3), DRB purports to identify how each of the sixteen items of prior art anticipate each asserted claim and/or render the asserted claim obvious. Section C includes subsections 1-17. Subsections 1-16 each include contentions that: (i) a primary reference anticipates and/or renders certain asserted claims obvious, and (ii) multiple secondary references, in various undefined combinations with the primary reference, renders certain asserted claims obvious.

For example, in Section C, subsection 1 (Ex. 1, pp. 4-6), DRB contends that: (i) Dunsmore (a primary reference) anticipates claims 1-4, 6-9, 11-22, and 24-26, and (ii) Dunsmore alone or in various undefined combinations with other prior art (secondary references) render obvious claims 1-10, 12-16, 18, 23, and 25. Specifically, with respect to claim 1, DRB contends the claim is obvious over Dunsmore (the primary reference) and various undefined combinations with one or more of twelve secondary references:

> Claim 1: Obvious in combination with the Brydon Patent, the Baumert Publication, the Foran Patent, the Larom Patent, the Piper Publication, the Takaki Patent, the Haber Patent, the Brown Publication, the Yoshimoto Patent, the Clarke Patent, the Whaley Patent; and/or the Hougen Patent;

6

(Ex. 1, p. 5). Other collections of references are identified in subsection 1 for claims 2-16, 18, 20-21, 23, 25, and 26.[2] (Ex. 1, pp. 5-6). The dependent claims—claims 2-8, claim 10-16, and claims 20-21, 23, and 25-26—depend from independent claims 1, 9, and 18 respectively (*see* D.I. 1-1 at pp. 28-29), and therefore each of these dependent claims includes a combination of the references identified for each dependent claim in combination with some unidentified combination of the references DRB recited for its base independent claim. DRB employs the same tactic for each of the dependent claims identified in subsections 2-16, discussed below. Similarly, in subsection 2 (Ex. 1, pp. 6-7), DRB contends that (i) Brydon (another primary reference) anticipates claims 1, 7, 9, 13, and 16, and (ii) Brydon alone or in various undefined combinations with other prior art (secondary references) render obvious claims 1, 7, 9, 13, 16, 18, and 25. Subsections 3-16 (Ex. 1, pp. 8-18) repeat the same format, identifying a different primary reference and, for each claim, various undefined combinations of secondary references. Finally, in subsection 17 (Ex. 1, p. 19), DRB contends that certain dependent claims include limitations that are obvious matters of design choice.

In **Section D** (Ex. 1, p. 19), corresponding to Rule 303.3(a)(4), DRB purports to provide a chart (attached as Exhibit A to DRB's amended contentions) identifying where in each alleged item of prior art each element of each asserted claim is found. DRB notes, however, that "[c]itations to the prior art references are exemplary; other support for D R Burton's contentions may be found elsewhere in the cited references," and that "[t]he citations provided in the attached claim charts are representative of the teachings of the listed references." (Ex. 1, p. 19.)

---

[2] Adding to the vagueness of DRB's invalidity contentions is the inconsistency between the contention headings and the underlying contentions. For example, Claims 11, 20-21, and 26 are not identified as obvious in the heading, yet each are enumerated below the heading.

7

## IV.  ARGUMENT

### A.  Legal Standards

As the Federal Circuit has emphasized, local patent rules are designed to "require parties to state early in the litigation and with specificity their contentions with respect to infringement and invalidity." *O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.,* 467 F.3d 1355, 1359 (Fed. Cir. 2006).  These rules are "designed to require parties to crystallize their theories of the case early in the litigation and to adhere to those theories once they have been disclosed." *Id.* at 1366 n. 12.  The Eastern District of North Carolina's patent rules are intended "to facilitate the speedy, fair and efficient resolution of patent disputes."  Rule 301.2(a).  District courts have broad discretion to enforce local patent rules.  *See, e.g., Howmedica Osteonics Corp. v. Zimmer, Inc.*, 822 F.3d 1312, 1324 (Fed. Cir. 2016).

Under Rule 303.3, a party's invalidity contentions must comply with specific requirements. Two of those requirements are relevant to this motion.  First, the invalidity contentions must state "[w]hether each item of prior art anticipates each asserted claim or renders it obvious."  Rule 303.3(a)(3). "If a combination of items of prior art makes a claim obvious, *each* such combination *must* be identified." *Id.* (emphasis added.)  Finally, the invalidity contentions must include "[a] chart identifying where *specifically* in each alleged item of prior art each element of each asserted claim is found …." Rule 303.3(a)(4) (emphasis added).

Under Rule 303.6, "[e]ach party's 'Preliminary Infringement Contentions' and 'Preliminary Invalidity Contentions' shall be deemed to be that party's final contentions, except as [enumerated]," or under Rule 303.7, relating to amendments to contentions, "upon a showing of good cause."

## B. DRB's Contentions Fail to Identify Each Combination of Prior Art That Allegedly Makes a Claim Obvious as Required by Rule 303.3(a)(3)

By indicating that any one or more of the listed references may be combined, DRB's invalidity contentions fail to identify specific combinations alleged to make a claim obvious, as required by Rule 303.3(a)(3) ("If a combination of items of prior art makes a claim obvious, *each* such combination *must* be identified."), and therefore, DRB's invalidity contentions fail to provide TMI notice of DRB's obviousness theories.

Subsections 1-16 of Section C (Ex. 1, pp. 4-19) each include contentions that:

(1) a primary reference anticipates and/or renders certain asserted claims obvious, and

(2) multiple secondary references, in various undefined combinations with the primary reference, renders certain asserted claims obvious.

An exemplary assertion is provided below, with respect to claim 1, wherein DRB contends the claim is obvious over Dunsmore (a primary reference) and various undefined combinations of one or more of twelve secondary references:

> Claim 1: Obvious in combination with the Brydon Patent, the Baumert Publication, the Foran Patent, the Larom Patent, the Piper Publication, the Takaki Patent, the Haber Patent, the Brown Publication, the Yoshimoto Patent, the Clarke Patent, the Whaley Patent; and/or the Hougen Patent;

(Ex. 1, p. 5). The conjunction "and/or" indicates that any one or more of the references may be combined. In this assertion, DRB identifies a total of thirteen references, represented here by generic letters A, B, C, D … M. DRB should not be permitted to later assert any sub-combination of those references (for example, A+B, A+C … A+M, A+B+C, A+B+C+D …, and countless other

9

possibilities[3]) just because the alternatives are subsumed in DRB's broad identification or prior art references. Instead, each subset constitutes a separate combination. *See Finjan, Inc. v. Proofpoint, Inc.,* No. 13-cv-05808, 2015 U.S. Dist. LEXIS 171627, at \*4-6 (N.D. Cal. Dec. 23, 2015). If DRB were permitted to assert any potential sub-combination, its current contentions would be meaningless as they do not narrow the issues or provide TMI with notice of DRB's positions. *Id.*; *Altera Corp. v. PACT XPP Techs., AG*, No. 14-cv-02868, 2015 U.S. Dist. LEXIS 80703, at \*2-5 (N.D. Cal. June 19, 2015) (explaining that defendant should list the sub-combinations that it will present in its invalidity theories because its current identifications made it "impossible" to tell how many sub-combinations defendant believes invalidates the asserted claims.).

Moreover, compliance with the Court's local patent rule to identify each combination of items of prior art allegedly rendering a claim obvious is not akin to requiring a party to provide the same level of detail that will ultimately be required by that party's invalidity expert report. For example, the Court's Rule 303.3(a)(3) does not require DRB to disclose motivations to combine certain prior art references, or the manner in which embodiments within such prior art references are modified or combined, which issues are central to the obviousness inquiry. Similarly, Rule 303.3(a)(3) does not require the invalidity expert's description of the patent at issue, a description of the prosecution history of the asserted patent, or a description of the prior art, all of which are standard disclosures in an invalidity expert report. Rather, the Rule requires disclosure of ***each***

---

[3] Depending on the method used to calculate the total number of obviousness combinations for DRB's 13 references, TMI is left with evaluating as many as 6,227,020,800 combinations (using the *n*! method). *Elbit Sys. Land & C4I Ltd. v. Hughes Network Sys., LLC*, No. 15-cv-37, 2016 U.S. Dist. Lexis 189661, at \*5-6 (E.D. Tex. Sept. 27, 2016) (confirming that regardless of calculation method, broad collections of prior art references "disclosing a literally astronomical number of obviousness combinations provides no disclosure at all.") In *Elbit*, the parties' dispute was resolved when, after plaintiff filed its motion, defendant provided a table identifying 9 specific combinations of prior art references, along with an indication of the claims allegedly invalidated by each combination. *Id.* at \*6.

*combination* of items of prior art allegedly rendering a clam obvious, and simply serves the local patent rules' goal of requiring the parties to crystalize their theories early in the case and to adhere to those theories such that the litigation is streamlined to facilitate the speedy and efficient resolution of the patent dispute. *See O2 Micro*, 467 F.3d at 1364; Local Rule 301.2(a).

### C. DRB's Accompanying Claim Chart Does Not Remedy its Deficiencies of Disclosing Alleged Obviousness Combinations

Reference to the claim chart required by Rule 303.3(a)(4) and attached as Exhibit A to DRB's amended invalidity contentions does not provide any further guidance. For example, reviewing the claim chart to compare the elements of claim 1 to the excerpted portions of the thirteen references identified above reveals nothing more. (*See* Ex. 1, at Exhibit A, pp. 1-38.) As reflected in the table below, for each element (labeled by DRB as 1(a) through 1(e)), DRB alleges that anywhere from nine to eleven references, or some combination(s) thereof, disclose each limitation.

| Claim Element | Dunsmore | Brydon | Baumert | Foran | Larom | Piper | Takaki | Haber | Brown | Yoshimoto | Clarke | Whaley | Hougen | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **1(a)** | x | x | x | x | x | x | x | x | x | | | x | x | 11 |
| **1(b)** | x | x | x | x | x | x | x | x | x | | | x | x | 11 |
| **1(c)** | x | x | x | x | x | x | x | x | x | | | x | x | 11 |
| **1(d)** | x | x | x | x | x | | x | x | | x | | | x | 9 |
| **1(e)** | x | x | | x | | x | x | x | | x | x | x | x | 10 |

As with DRB's contentions under Rule 303.3(a)(3), DRB's Rule 303.3(a)(4) claim chart fails to narrow the issues or provide TMI with notice of DRB's positions.

Courts applying parallel local patent rules have routinely rejected DRB's strategy of setting forth broad undefined collections of references. For example, in *0912139 B.C. Ltd. et al. v. Rampion USA Inc. et al.*, No 18-cv-01464, 2019 U.S. Dist. Lexis 117338 (W.D. Wash. Jul. 15,

11

2019), defendants' obviousness contentions comprised two parts: 14 lists or "collections" of references alleged to render claims obvious, and claim charts that purported to set forth defendants' obviousness contentions in greater detail. *Id.* at *14-15. There, the Court granted plaintiff's motion to strike, reasoning that "[t]he lists set forth 'buckets' of references that would support virtually endless permutations of prior art combinations," and while supported by "claim charts [that] purport to assert obviousness combinations on a claim element-by-claim element basis, the charts include so many potential combinations of alleged prior art that they fail to reasonably apprise Plaintiffs of the obviousness combinations on which Defendants intend to rely." *Id.* at *15-16.

In *Ironworks Patents LLC v. Samsung Electronics Co., Ltd. et al*, No. 17-cv-01958, 2017 U.S. Dist. Lexis 169938 (N.D. Cal. Oct. 12, 2017), Samsung provided contentions comprising lists of references alleged to render claims obvious, along with: (i) a statement that it may "rely upon a subset of the references or all of the reference listed [] depending upon the Court's claim construction and further investigation," (ii) a disclaimer that the combinations "are not intended to be exhaustive, as there are many possible combinations of these references, and it is not practical, particularly at this early stage before further factual investigation and claim construction proceedings to identify and list all the potentially relevant combinations," and, (iii) claim charts for each asserted patent, containing three to five primary references and five to seven secondary references to be combined with each primary reference. *Id.* at *2-4. Granting Plaintiff's motion to strike, the Court explained that:

> It is impossible to determine from Samsung's disclosures what claims it contends are obvious and what combination of references renders the claim obvious. For example, for the '078 patent it identifies the '646 patent (Hassan) as a primary reference and then identifies seven additional references that render some unidentified claim of the '078 patent obvious if one or more are combined with Hassan. But which references combined render the '078 patent obvious and for which claims? There is no way to tell.

12

Thus, the disclosure is inadequate.  Further, as courts in this district have held, '[v]aguely disclosing that one prior art can substitute of another is insufficient under our local rules.'"

*Id.* at *8 (quoting *Mitsubishi v. Electric Corporation v. Sceptre, Inc.*, No. 14-cv-04994, 2015 U.S. Dist. Lexis 65502, at *7 (C.D. Cal. May 18, 2015)).

Likewise, in *Slot Speaker Technologies Inc. v. Apple, Inc.*, No. 13-cv-01161, 2017 U.S. Dist. Lexis 8414 (N.D. Cal. Jan. 19, 2017), Apple asserted that claims were obvious in view of "Anderson [a primary reference] in combination with the other charted prior art references for the '483 patent, or Anderson in combination with the prior art set forth in Sections III.A… and III.C … of Apple's Invalidity Contentions" (secondary references). *Id.* at *18-19. That Court also granted plaintiff's motion to strike, reasoning that:

> Apple's disclosure is vague.  For example, the phrase "the other charted prior art references" is unclear. Does it refer to any, some, or all of the charted prior art references for the '483 patent? Similarly, does the phrase "Anderson in combination with the other charted prior art references for the '483 patent, or Anderson in combination with the prior art set forth in Sections III.A… and III.C … of Apple's Invalidity Contentions" mean that any (or just some) of the prior art discussed in these sub-sections can be combined with the Anderson patent? … In short, Apple can and must be more specific.

*Id.* at *19-20.

As with the deficient disclosures in *Rampion*, *Ironworks*, and *Slot Speaker*, here, DRB has essentially attempted to reserve for itself the ability to assert an unlimited and undefined set of obviousness theories, upon which TMI cannot efficiently identify and take relevant discovery.  It is not TMI's burden to consider every possible combination of the references disclosed, and DRB cannot shift this burden to TMI.

The case law DRB identified during the meet and confer process does not compel a different conclusion and, as confirmed by the *Rampion*, *Ironworks*, and *Slot Speaker* decisions, is readily distinguishable.  Specifically, DRB alleged that:

> [T]he courts in *Avago Technologies* and *Keithley* [] have recognized that, while a blanket statement of reliance on all possible combinations of all identified prior art is indeed overbroad, disclosure of obviousness combinations for large groups of prior art documents may be accomplished through organizing such prior art into groups and stating that the theory of obviousness was true for every possible combination within each group. Here, DRB's groupings are even more specific than the grouping allowed in *Avago* and *Keithley* – the prior art is grouped in response to each claim of the asserted patent.

(Ex. 3.)

In *Avago Techs. Gen IP PTE Ltd. v. Elan Microelectronics Corp.*, No. 04-cv-05385, 2007 U.S. Dist. Lexis 97464, at *8 (N.D. Cal. Mar. 28, 2007), the patentee moved to compel the alleged infringer to supplement its final invalidity contentions to comply with Local Rule 3-3(b). There, because the alleged infringer organized its prior art references into two groups (*e.g.*, one group identifying motivations to combine optical mouse cursor control devices, and the other group disclosing image correlation techniques), and disclosed that "its theory of obviousness [was] the same for each and every possible combinations of the two groups," "[t]he Court [felt] satisfied that Elan reasonably specifie[d] the combination of prior art references that allegedly render Avago's patent obvious." *Id.* at *10-11. Likewise, following the method of *Avago,* in *Keithley v. Homestore.com, Inc.,* 553 F. Supp. 2d, 1148, 1150 (N.D. Cal. 2008), the defendant organized prior art references into groups and articulated an overarching theory of obviousness that applied to each and every possible combination of obviousness. *Id.*

Here, DRB has not adopted a "grouping" approach that sets forth a theory of obviousness for combinations from particular groups, let alone in a manner that reasonably apprises TMI of DRB's obviousness contentions. Rather, DRB has charted various primary references in conjunction with multiple additional references per claim element, giving rise to an unreasonably large assortment of potential combinations of prior art untethered to any discernable theories of obviousness. *Rampion*, 2019 U.S. Dist. Lexis 117338, at *17-18 (distinguishing *Avago* and *Keithley*). This approach fails to satisfy the purpose of Rule 303.3—to put TMI on reasonable

14

notice of the possible combinations of prior art references that allegedly render asserted claims obvious. *Id.*; *Ironworks*, 2017 U.S. Dist. Lexis 169938, at \*9 (distinguishing *Avago* and *Keithley*, noting "[n]either suggests that just listing references and saying that the combination of one or more with a particular reference will render unspecified claims of a patent invalid as obvious satisfies Rule 3-3(b)."); *Slot Speaker,* 2017 U.S. Dist. Lexis 8414, at \*19-20 (explaining that, "to the extent that Apple's approach involves grouping of prior art, Apple must explain which prior art references fall in a particular group, as well as the theory of obviousness for combinations from particular groups.").

For at least these reasons, DRB's contentions fail to comply with Rule 303.3(a)(3), and otherwise do not narrow the issues or provide TMI with meaningful notice of DRB's obviousness theories.

### D. DRB's Reservations of Right to Rely on Unidentified Disclosures Fail to Comply with the Specific Identification Requirements of Rule 303.3(a)(4)

DRB's contentions include various "reservations of right" purporting to preserve a right to rely on unidentified references, unidentified portions of references, and as explained above, unidentified combinations of references. For example, DRB states:

- "These invalidity contentions are necessarily preliminary and may require subsequent amendment, alternation or supplementation. D R Burton reserves the right, to the full extent consistent with the Court's Rules and Orders, to supplement, revise, correct, amend, or clarify these contentions based on further investigation, discovery, evaluation of the scope and content of the prior art, and any claim construction from the Court, or any changes in Trudell's claims and contentions." (Ex. 1, Intro., p. 1)

- "D R Burton reserves the right to supplement and amend these contentions based on further investigation, construction of the claims by the Court, additional discovery, and modification of Trudell's contentions." (Ex. 1, Section C, p. 4)

- "Citations to the prior art references are exemplary; other support for D R Burton's contentions may be found elsewhere in the cited references," (Ex. 1, Section D, p. 19.)

15

- "The citations provided in the attached claim charts are representative of the teachings of the listed references. D R Burton reserves the right to modify these charts by adding additional prior art references to the extent such modification is appropriate in light of any additional information gained through ongoing investigations or through discovery or in light of arguments made or positions taken by Trudell." (Ex. 1, Section D, p. 19.)

Specifically, by framing contentions as "exemplary" and "representative," and explicitly referencing unidentified "support for D R Burton's contentions [] found elsewhere in the cited references," DRB asserts that it may rely on other, non-disclosed subject matter. Such statements admit failure to specifically disclose the information required by Rule 303.3, and provide "[a] chart identifying where *specifically* in each alleged item of prior art each element of each asserted claim is found …." Rule 303.3(a)(4) (emphasis added).

Rule 303.3 does not allow for "exemplary" or "representative" disclosures. For any specific references, any portion of the reference allegedly disclosing a claim element, or any combination of references, Rule 303.3(a)(1), (3) and (4) require actual disclosure. In *Mitsubishi*, the court granted plaintiff's motion to strike invalidity claim charts that identified portions of certain references and yet "purported to reserve the right to rely upon uncited portions of those references." 2015 U.S. Dist. Lexis 65502, at *6. That court reasoned that broad or general disclosures are insufficient to provide a crystallized view of invalidity theories and thus do not comply with the Local Rules. *Id.* Similarly, in *Ironworks*, the court struck 29 "additional references," when defendant contended it "may rely on these references as invalidity prior art." 2017 U.S. Dist. Lexis 169938, at *9. Here, DRB's catch-all efforts to hold open the door to rely on "other support … found elsewhere in the cited references" and "additional prior art references" are improper because they do not provide the specific information required by Rule 303.3.

As other courts have recognized, defendants cannot effect an end-run-around local patent rules, such as Rule 303.6, ("[e]ach party's 'Preliminary Infringement Contentions' and

16

'Preliminary Invalidity Contentions' shall be deemed to be that party's final contentions, except as [enumerated],") or Rule 303.7, relating to amendments to contentions ("upon a showing of good cause"), by incorporating by reference uncited material or reserving a right to rely upon uncited material. *Rampion*, 2019 U.S. Dist. Lexis 117338, at *9 (citing *Ironworks* and *Mitsubishi*).

Consistent with DRB's preservation strategy, such reservations do not narrow the issues or provide TMI with meaningful notice of DRB's invalidity theories, and therefore, should be stricken.

## V.   CONCLUSION

For the foregoing reasons, TMI respectfully requests that this Court order DRB to serve amended invalidity contentions in full compliance with the requirements of Rule 303.3 within ten business days following the date of such order.

Dated:  August 20, 2019

Respectfully submitted,

/s/ *David R. Boaz*

John F. Morrow, Jr.
N.C. State Bar No. 23382
WOMBLE BOND DICKINSON (US) LLP
One West Fourth Street
Winston-Salem, NC  27101
Telephone:  (336) 721-3584
Facsimile:  (336) 733-8429
john.morrow@wbd-us.com

David R. Boaz
N.C. State Bar No. 44229
WOMBLE BOND DICKINSON (US) LLP
555 Fayetteville St., Suite 1100
Raleigh, NC 27601
Telephone: (919) 755-8124
Fax: (919) 755-6042
david.boaz@wbd-us.com
Local Civil Rule 83.1(d) Counsel

17

William H. Frankel (*pro hac vice*)
Email: wfrankel@brinksgilson.com
David P. Lindner (*pro hac vice*)
Email: dlindner@brinksgilson.com
Jafon Fearson (*pro hac vice*)
Email: jfearson@brinksgilson.com
Brinks Gilson & Lione
NBC Tower, Suite 3600
455 North Cityfront Plaza Drive
Chicago, Illinois 60611
Telephone: (312) 321-4200
Facsimile: (312) 321-4299

*Attorneys for Trudell Medical International*

18