IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:18-CV-9-BO-KS

| | |
|---|---|
| TRUDELL MEDICAL INTERNATIONAL, ) ) Plaintiff, ) ) v. ) ) D R BURTON HEALTHCARE LLC, ) ) Defendant/Counterclaim Plaintiff, ) ) v. ) ) TRUDELL MEDICAL INTERNATIONAL and ) MONAGHAN MEDICAL CORP., ) ) Counterclaim Defendants. ) | **ORDER** |

This matter is before the court on a motion [DE #164] filed by D R Burton Healthcare LLC ("D R Burton") to permit jurisdictional discovery as to its claims against Monaghan Medical Corp. ("Monaghan"). Monaghan has responded in opposition [DE #173], and the matter is ripe for ruling. For the reasons set forth below, D R Burton's motion is granted in part and denied in part.

## BACKGROUND

This is an action for alleged infringement of U.S. Patent No. 9,808,588 ("the '588 Patent") brought by Trudell Medical International ("Trudell"). In its Second Amended Complaint, Trudell asserts claims arising out of D R Burton's "manufacture, importation, use, sale, offer for sale, and/or sale of oscillating positive expiratory pressure devices in the United States." (Second Am. Compl. [DE #88] at 1.) D R Burton denies validity of the '588 Patent's claims, denies infringement, and asserts claims against Trudell and Monaghan, a corporate affiliate of Trudell. Referring to

Trudell and Monaghan as "the Trudell Entities," D R Burton complains that Trudell and Monaghan published false and misleading claims about D R Burton's vPep® device in violation of the Lanham Act and North Carolina's Unfair and Deceptive Trade Practices Act. (Answer & Countercls. to Second Am. Compl. [DE #94] at 29-33.) Monaghan has moved to dismiss the claims against it for lack of personal jurisdiction and improper venue. (Monaghan's Mot. Dismiss [DE #153].) D R Burton has responded in opposition to the motion to dismiss and, alternatively, filed a motion for jurisdictional discovery.

## DISCUSSION

"District Courts have broad discretion to allow jurisdictional discovery pursuant to Rule 26 of the Federal Rules of Civil Procedure." *Celgard, LLC v. SK Innovation Co.*, No. 3:13-CV-254-MOC, 2013 WL 7088637, at *6 (W.D.N.C. Nov. 26, 2013) (citing *Mylan Labs., Inc. v. Akzo, N.V.*, 2 F.3d 56, 64 (4th Cir. 2003)). Where discovery is necessary to meet a challenge to personal jurisdiction, the court should permit discovery on that issue unless the claim appears clearly frivolous. *Rich v. KIS California, Inc.*, 121 F.R.D. 254, 259 (M.D.N.C. 1988).

Monaghan, a corporate affiliate of Trudell, challenges the court's exercise of personal jurisdiction over it. Trudell manufactures the Aerobika® positive expiratory pressure device in Canada. Monaghan, a corporation organized and existing under the laws of the State of New York and registered to do business in the State of North Carolina, sells Trudell's Aerobika® device throughout the United States, including North Carolina. D R Burton claims that Trudell and Monaghan, acting in concert, published false or misleading representations concerning D R Burton's competing positive expiratory pressure device, vPep®, in order to influence the purchasing decisions of target consumers, to D R Burton's detriment.

According to D R Burton, emails obtained in discovery reveal that Monaghan delivered allegedly false advertising documents, including 775 to 1,200 copies of a false Infection Control Alert, to its Sales Representatives/Territory Managers and District Managers, "for select distribution." (Mem. Supp. Mot. Jurisdictional Discovery [DE #165] at 5.) As Monaghan has a Territory Manager for "the Carolinas," D R Burton argues, these emails indicate that Monaghan distributed the false advertising documents within North Carolina. (*Id.*)

Monaghan argues that D R Burton's jurisdictional assertions are conclusory speculation and an attempt to shift the burden of proof as to jurisdiction to Monaghan. (Monaghan's Resp. Opp'n [DE #173] at 2-4.) Monaghan urges the court to deny jurisdictional discovery.

Having carefully considered the parties' arguments, the court determines that D R Burton has presented sufficient information to raise a question as to the court's personal jurisdiction over Monaghan. As the specific facts regarding personal jurisdiction are within Monaghan's exclusive control, limited jurisdictional discovery is appropriate. Moreover, the interrogatories and document production requests proposed by D R Burton are few in number, narrowly tailored, and do not appear unduly burdensome to Monaghan. Accordingly, the court grants D R Burton leave to propound these jurisdictional discovery requests. However, the court denies D R Burton's request to conduct a Rule 30(b)(6) deposition for jurisdictional purposes.

## **CONCLUSION**

For the foregoing reasons, D R Burton's motion for jurisdictional discovery [DE #164] is GRANTED IN PART and DENIED IN PART as more fully set forth hereinabove.

This 8th day of February 2021.

*Kimberly A. Swank*
KIMBERLY A. SWANK
United States Magistrate Judge