IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:18-CV-9-BO

TRUDELL MEDICAL INTERNATIONAL, )
)
    Plaintiff, )
)
v. )    O R D E R
)
D R BURTON HEALTHCARE, LLC, )
)
    Defendant. )


D R BURTON HEALTHCARE, LLC, )
)
    Counterclaim Plaintiff, )
)
v. )
)
TRUDELL MEDICAL INTERNATIONAL )
and MONAGHAN MEDICAL CORP., )
)
    Counterclaim Defendants. )

This cause comes before the Court on counterclaim defendant Monaghan Medical Corp.'s motion to dismiss for lack of personal jurisdiction and improper venue, or in the alternative to transfer to the Northern District of New York. For the following reasons, Monaghan's motion to dismiss is granted.

## BACKGROUND

Trudell Medical International (Trudell) is a partnership organized and existing under the laws of Canada, with its principal place of business in Ontario, Canada. Trudell is a medical device company that designs, develops, and sells an oscillating positive expiratory pressure (OPEP) device called the Aerobika. Trudell manufacturers the Aerobika device in Canada, which

it then sells to its affiliate, Monaghan Medical Corp. (Monaghan). Monaghan, a New York corporation registered to do business in North Carolina, markets and sells the Aerobika device throughout the United States, including in North Carolina. D R Burton Healthcare, LLC (DRB), is a medical device company based in Farmville, North Carolina that designs, develops, manufactures, and sells various respiratory devices, included the vPEP, which is an OPEP device. The Aerobika competes directly with DRB's devices for sales in the OPEP product market.

DRB alleges that Trudell and Monaghan have published at least two marketing documents that refer to DRB's vPEP device by name and that include false and misleading claims about the device: 1) the Infection Control Alert and 2) the Competitive Comparison. The Infection Control Alert allegedly falsely suggests that the vPEP poses a risk of infection and contains false and misleading statements regarding cleaning and distribution of the vPEP and the VPEP's performance in drop testing. Language in the Infection Control Alert suggests that it is an official document published by DRB, rather than by Trudell and Monaghan. The Competitive Comparison allegedly directly compares the Aerobika and vPEP devices and makes false and misleading statements regarding the vPEP, including about the device's methods of disinfection, efficiency of performance, and recommended frequency of replacement.

On July 28, 2017, Monaghan's marketing office sent an email to all of Monaghan's sales representatives and division managers informing them that the Infection Control Alert had been added to their resources and that it was in the process of being ordered. The email specifically noted that each district manager and territory manager would receive twenty-five copies of the Infection Control Alert for distribution. Monaghan has a territory manager specifically dedicated to North and South Carolina. On September 8, 2018, Monaghan sent another email to all of

2

Case 4:18-cv-00009-BO   Document 220   Filed 08/25/21   Page 2 of 10

Monaghan's sales representatives and division managers confirming that twenty-five copies of the Infection Control Alert had been mailed to each district or territory manager for select distribution and encouraging the district and territory managers to contact the marketing department if they wished to order additional copies. DRB states that, at the time it filed the counterclaims, DRB knew Trudell and Monaghan had sent the Infection Control Alert or the Competitive Comparison to the University of Tennessee Medical Center in Knoxville and Mercy Health Cincinnati, and that it believed those documents had been widely disseminated to other potential and actual customers of DRB.

On January 29, 2018, Trudell sued DRB, asserting claims for infringement of U.S. Patent No. 9,808,588, entitled "Oscillating Positive Respiratory Pressure Device." Trudell filed a First Amended Complaint on June 20, 2018 and a Second Amended Complaint on May 9, 2019. On May 23, 2019, DRB filed its answer and affirmative defenses and counterclaims to the Second Amended Complaint, as well as moved to join Monaghan as a counterclaim defendant. Trudell filed its opposition to DRB's motion for leave to add Monaghan and moved to dismiss the counterclaims on June 13, 2019, but Magistrate Judge Kimberly A. Swank subsequently denied Trudell's motion to dismiss and granted DRB's motion to join Monaghan.

On June 15, 2020, Monaghan moved to dismiss the counterclaims against it for lack of personal jurisdiction and improper venue. On February 22, 2021, the Court denied this motion without prejudice to be refiled, if applicable, after jurisdictional discovery. On March 24, 2021, Monaghan refiled its motion to dismiss for lack of jurisdiction and improper venue or. in the alternative, to transfer to the Northern District of New York. The counterclaims directed at both Trudell and Monaghan, and which are therefore at issue here, are counterclaims three through five, for Lanham Act false advertising under 15 U.S.C. § 1125(a), civil conspiracy, and unfair

3

and deceptive trade practices. In its counterclaims, DRB claims that Trudell and Monaghan, acting in concert, published false or misleading representations concerns DRB's vPEP to influence the purchasing decisions of target customers to DRB's detriment.

DISCUSSION

Monaghan first seeks dismissal of the counterclaims for lack of personal jurisdiction. Fed R. Civ. P. 12(b)(2). Where a defendant moves to dismiss for lack of personal jurisdiction, the plaintiff has the burden of showing that jurisdiction exists. *See New Wellington Fin. Corp. v. Flagship Resort Dev. Corp.*, 416 F.3d 290, 294 (4th Cir. 2005); *Young v. F.D.I.C.*, 103 F.3d 1180, 1191 (4th Cir. 1997). When a court considers a challenge to personal jurisdiction without an evidentiary hearing and on the papers alone, it must construe the relevant pleadings in the light most favorable to the plaintiff. *Combs v. Bakker*, 886 F.2d 673, 676 (4th Cir. 1989).

"A federal district court may exercise personal jurisdiction over a foreign corporation only if: (1) such jurisdiction is authorized by the long-arm statute of the state in which the district court sits and (2) application of the relevant long-arm statute is consistent with the Due Process Clause of the Fourteenth Amendment." *Universal Leather, LLC v. Koro AR, S.A.*, 773 F.3d 553, 558 (4th Cir. 2014). The North Carolina long-arm statute "permits the exercise of personal jurisdiction to the outer limits allowable under federal due process," so the determinative question is whether a plaintiff has made a showing that a defendant "had sufficient contacts with North Carolina to satisfy constitutional due process." *Id.* at 558–59.

DRB has admitted that this Court does not have general jurisdiction over Monaghan, but it maintains that this Court has specific jurisdiction over Monaghan. To determine whether there is specific jurisdiction over a defendant, the Court applies a three-part test: "(1) whether and to what extent the defendant 'purposely availed' itself of the privileges of conducting activities in the

4

forum state, and thus invoked the benefits and protections of its laws, (2) whether the plaintiff's claim arises out of those forum-related activities, and (3) whether the exercise of jurisdiction is constitutionally 'reasonable.'" *Ricks v. Armstrong Int'l, Inc.*, No. 4:14-CV-37-BO, 2014 U.S. Dist. LEXIS 86600, at *7 (E.D.N.C. June 23, 2014) (quoting *Christian Sci. Bd. of Dirs. Of the First Church of Christ, Sci. v. Nolan*, 259 F.3d 209, 215–16 (4th Cir. 2001)).

In support of its contention that Monaghan has purposefully directed activities at North Carolina, DRB presents nine reasons Monaghan purposefully directed its activities at North Carolina. However, this lawsuit arises out of Monaghan's alleged distribution of two documents: the Infection Control Alert and the Competitive Comparison.[1] According to DRB, Monaghan published and widely distributed the Infection Control Alert and the Competitive Comparison, DRB has actual knowledge of some of its customers receiving the Infection Control Alert or the Competitive Comparison, Monaghan distributed between 775 and 1,200 copies of the Infection Control Alert across the country, and Monaghan sent at least twenty-five copies of the Infection Control Alert to its territory manager for North and South Carolina.

However, after more than a month of jurisdictional discovery, DRB has not been able to produce any evidence that the Infection Control Alert or the Competitive Comparison were disseminated or shared to individuals or entities located in North Carolina. DRB's conclusory assertion that the documents were widely distributed lacks more than a speculative factual tie to North Carolina. The two customers DRB knows received one of the two allegedly misleading documents were located outside of North Carolina. Plaintiff specifically asks the Court to infer that Monaghan also sent the documents to North Carolina and that the documents were actually

---

[1] DRB also asserts that Monaghan distributes TMI's Aerobika device nationwide, including in North Carolina; does business in North Carolina and has a registered agent in the state; and has a territory manager specifically assigned to North Carolina. However, plaintiff's claim does not arise out of the sale of its Aerobika device in North Carolina, but rather the distribution of the Infection Control Alert and the Competitive Comparison.

5

distributed there and to rely on the fact that Monaghan has not submitted a declaration clarifying its degree of business in the state. DRB carries the burden of establishing personal jurisdiction by a preponderance of the evidence, and this Court will not rely on inferences at this point in the proceedings. *Sneha Media & Entm't, LLC v. Associated Broad. Co.*, 911 F.3d 192, 197 (4th Cir. 2018) (holding that plaintiffs had the burden of establishing personal jurisdiction by a preponderance of the evidence after they were given an opportunity to conduct jurisdictional discovery). Because DRB can only speculate that there is any tie between the alleged false advertising documents and North Carolina, this Court finds that DRB has not shown that Monaghan has purposefully availed itself of the privilege of conducting business in North Carolina.

DRB further alleges that Monaghan's eastern division manager and territory manager were in discussion with Novant Health in North Carolina regarding the possible substitution of Monaghan and Trudell's Aerobika with DRB's vPEP device and that Monaghan's eastern division manager sent at least one email to an individual at Novant using the same language as the misleading statements in Infection Control Alert and the Competitive Comparison. These allegations are also insufficient to create jurisdiction. As to the allegation of the discussions regarding a possible substitution, brief and speculative conversations do not give rise to personal jurisdiction. *See Consulting Eng'rs Corp. v. Geometric Lt.*, 561 F.3d 273, 281 (4th Cir. 2009) (finding no specific personal jurisdiction when the communication between two parties "consisted of an exchange of four brief emails, several telephone conversations . . . , and the exchange of [] various drafts"). As to the allegation that at least one email used misleading statements, an email exchange with a North Carolina resident is not enough to support an exercise of personal

jurisdiction. *Custom Dynamics, LLC v. Cyron, Inc.*, No. 5:19-cv-278-BO, 2020 U.S. Dist. LEXIS 104437, at *11 (E.D.N.C. June 15, 2020).

This Court rejects DRB's argument that it its failure to produce evidence to move this case beyond speculation is because it has not had a fair opportunity to conduct discovery. As long as a court has provided a party with "a fair opportunity to develop the record regarding personal jurisdiction," the party must show personal jurisdiction by a preponderance of the evidence. *Sneha Media & Entm't*, 911 F.3d at 197. DRB has been aware of its burden to establish personal jurisdiction over Monaghan for more than two years, and this Court denied Monaghan's first motion to dismiss so that DRB could collect additional support with which to show personal jurisdiction through jurisdictional discovery. To the extent that DRB complains about the adequacy of Monaghan's discovery responses, DRB never attempted to meet and confer with Monaghan regarding Monaghan's responses, and DRB's complaints are now untimely. Monaghan has clearly stated that it has been unable to confirm that the Infection Control Alert and Competitive Control Alert were ever shared with individuals or entities located in North Carolina. This Court finds that DRB has been given a fair opportunity to develop the record as to the issue of jurisdiction. Further, as discussed below, the Court finds that an exercise of jurisdiction in this case, even assuming plaintiff met the first two prongs of the test for specific jurisdiction, would be unreasonable.

Therefore, because DRB can only speculate that there is any tie between the alleged false advertising documents and North Carolina, this Court finds that DRB has not shown that Monaghan has purposefully availed itself of the privilege of conducting business in North Carolina. Moreover, even if the Court determined that Monaghan had purposefully availed itself, assertion of jurisdiction would be unfair. This third prong also warrants dismissal.

7

In analyzing whether the exercise of jurisdiction is fair or reasonable, a court must determine "whether the assertion of personal jurisdiction would comport with 'fair play and substantial justice.'" *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 477 (1985) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 320 (1945). In making this assessment, courts evaluate factors such as the burden on defendant, the forum state's interests, plaintiff's interest in obtaining relief, the interstate judicial system's interest in obtaining the most efficient resolution of controversies, and the shared interest of the several states in furthering social policies. *See World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 292 (1980).

Here, the factors weigh against asserting personal jurisdiction over Monaghan. Monaghan is incorporate and headquartered in New York, not North Carolina, and thus will be burdened by conducting litigation here. While DRB argues that this burden is not heavy because Monaghan will still be participating in the litigation as it relates to the patent dispute, this involvement will be limited to discovery. Extending its obligations to litigating these counterclaims will be a much greater burden. Furthermore, wrapping the non-patent counterclaims against Monaghan into the patent dispute between Trudell and DRB will unduly complicate the patent infringement case and confuse the issues for the jury. These counterclaims are wholly unrelated to the underlying patent agent and would best be resolved separately. Monaghan has minimal contacts with North Carolina. Even assuming that the twenty-five documents were sent to the territory manager for the Carolinas, this is only twenty-five documents, or around two to three-and-a-half percent of the total distributed across the country, split between two states. Although Monaghan has a registered agent in North Carolina, there is nothing to suggest that its business in the state is extensive. Finally, DRB's alleged rights pursuant to its counterclaims can be adequately protected without exercising

8

jurisdiction in this forum. Other states with stronger connections to the facts at issue have a much stronger interest in providing a forum for these issues.

Furthermore, even assuming plaintiff is able to show personal jurisdiction, venue is also improper in this district. Rule 12(b)(3) of the Federal Rules of Civil Procedure allows for dismissal of an action for improper venue. Venue in a civil action is proper in

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).

Assuming Monaghan is subject to personal jurisdiction in, and therefore resides in for the purpose of venue, this district, DRB still cannot show that a substantial part of the events giving rise to its claims occurred in North Carolina. As previously mentioned, this lawsuit arises out of Monaghan's alleged distribution of two documents: the Infection Control Alert and the Competitive Comparison. DRB alleges that these documents were widely distributed, with at least 775 to 1,200 documents being sent around the country. DRB only alleges that twenty-five documents were sent to North and South Carolina. This is around two to three-and-a-half percent of the total documents distributed across the country, split between two states. Based on these facts, DRB cannot show that a substantial portion of this allegedly false and misleading advertising took place in North Carolina.

9

jurisdiction in this forum. Other states with stronger connections to the facts at issue have a much stronger interest in providing a forum for these issues.

Furthermore, even assuming plaintiff is able to show personal jurisdiction, venue is also improper in this district. Rule 12(b)(3) of the Federal Rules of Civil Procedure allows for dismissal of an action for improper venue. Venue in a civil action is proper in

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).

Assuming Monaghan is subject to personal jurisdiction in, and therefore resides in for the purpose of venue, this district, DRB still cannot show that a substantial part of the events giving rise to its claims occurred in North Carolina. As previously mentioned, this lawsuit arises out of Monaghan's alleged distribution of two documents: the Infection Control Alert and the Competitive Comparison. DRB alleges that these documents were widely distributed, with at least 775 to 1,200 documents being sent around the country. DRB only alleges that twenty-five documents were sent to North and South Carolina. This is around two to three-and-a-half percent of the total documents distributed across the country, split between two states. Based on these facts, DRB cannot show that a substantial portion of this allegedly false and misleading advertising took place in North Carolina.

9

The Court concludes that this Court does not have personal jurisdiction over this case because Monaghan does not have sufficient minimal contacts with North Carolina and because exercising jurisdiction in this case would be unfair and unreasonable. The Court also finds that this district is an improper venue. Neither party has argued that transfer of this case to the Northern District of New York, rather than dismissal, would be in the best interests of justice. Therefore, Monaghan's motion to dismiss is granted.

## CONCLUSION

For the foregoing reasons, counter defendant Monaghan's motion to dismiss for lack of jurisdiction is GRANTED. [DE 196]. The counterclaims against counter defendant Monaghan are DISMISSED.

SO ORDERED, this 25 day of August, 2021.

*Terrence W. Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE