IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:18-CV-9-BO

TRUDELL MEDICAL INTERNATIONAL,  )
    Plaintiff,     )
             )
v.            )   O R D E R
             )
D R BURTON HEALTHCARE, LLC, )
    Defendant.    )

  This cause comes before the Court on the memorandum and recommendation (M&R) of United States Magistrate Judge Brian S. Meyers. [DE 221]. Defendant D R Burton has filed objections to the M&R and the matter is now ripe for adjudication. For the reasons that follow, the M&R is ADOPTED in its entirety.

## BACKGROUND

  Plaintiff Trudell Medical International (Trudell) is a partnership organized and existing under the laws of Canada, with its principal place of business in Ontario, Canada. Trudell is a medical device company that designs, develops, and sells an oscillating positive expiratory pressure (OPEP) device called the Aerobika. Defendant D R Burton Healthcare, LLC (DRB), is a medical device company based in Farmville, North Carolina that designs, develops, manufactures, and sells various respiratory devices, included the vPEP, which is an OPEP device. The Aerobika competes directly with DRB's devices for sales in the OPEP product market.

Trudell initiated this action on January 29, 2018, alleging claims for direct and indirect infringement of its Patent No. 9,808,588 ('588 Patent). On October 22 and 23, 2020, the Court[1] conducted a hearing pursuant to *Markman v. Westview Instruments, Inc.*, 517 U.S. 370 (1996). The parties seek construction of ten disputed terms and phrases from the patent-in-suit. Magistrate Judge Meyers has filed an M&R constructing the ten disputed terms and phrases. DRB has filed objections to the M&R to which Trudell has responded.

## DISCUSSION

Pursuant to 28 U.S.C. § 636(b)(1), a district court may accept, reject, or modify findings and recommendations that are proposed by a magistrate judge. A district court is required to review an M&R *de novo* if a party specifically objects to it or in cases of plain error. 28 U.S.C. § 636(b)(1)(B); *Thomas v. Arn*, 474 U.S. 140, 149-50 (1985). The district court is only required to make a *de novo* determination of those specific findings to which the plaintiff has actually objected. *See Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983). *De novo* review is not required when an objecting party makes only general or conclusory objections that do not direct a court to a specific error in the magistrate judge's recommendations. *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982); *see also Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004) ("A general objection, or one that merely restates the arguments previously presented is not sufficient to alert the court to alleged errors on the part of the magistrate judge."). Further, when "objections to strictly legal issues are raised and no factual issues are challenged, *de novo* review may be dispensed with." *Orpiano*, 687 F.2d at 47.

---

[1] This matter was originally assigned to Senior United States District Judge Malcolm J. Howard and United States Magistrate Judge Kimberly A. Swank. It was subsequently reassigned to the undersigned and Magistrate Judge Meyers.

2

DRB has objected to eight of the recommended constructions by the magistrate judge in some form.[2] The court will address each objection in turn, following the form of the M&R.

**A.      Invalidity pursuant to 35 U.S.C. § 112.**

DRB "understands that the magistrate recommends that the court not rule on the issue of invalidity at this time" but, for preservation purposes, "objects to any portion of the [M&R] that states or implies that U.S. Patent No. 9,808,588 is not invalid". [DE 222 p. 3]. The recommendation that the Court not rule on the issue of invalidity at this time is adopted. Insofar as DRB has objected to such recommendation, the objection is overruled.

**B.      Contested terms.**

**1. "A Vane"**

The M&R recommends that this term be constructed as follows: a blade or plate whose primary purpose is to convert kinetic energy in the form of fluid movement into rotational movement. In its objection, DRB argues that, contrary to the recommendation of the magistrate, it continues to believe that the term "vane" should be defined as "one of a plurality of blades or plates . . ." or, in other words, that the phrase should not be defined to include a single vane. DRB contends that the specification never discusses the term "vane" in the singular, that the prosecution history demonstrates an intent not to claim a device with a single vane, and that defining the term to be a single vane would render the claims invalid.

First, DRB has not directed the Court to any specific error in the magistrate judge's decision, nor does it identify any facts it contends the magistrate judge either incorrectly applied or failed to consider. Thus, the Court need only determine whether any clear error is present on

---

[2] DRB filed its objections under provisional seal pursuant to § V(G)(1)(e)(i) of the Policy Manual. Trudell has not filed a motion to seal the proposed sealed document in accordance with § V(G)(1)(e)(ii) of the Policy Manual, and the clerk is thus DIRECTED to unseal [DE 222]. *Id.* § V(G)(1)(e)(iii).

3

the face of the decision, and it finds none. However, to the extent DRB's objection can be construed as specific, the Court has conducted *de novo* review and adopts the broader construction of the term as recommended by the magistrate judge. Indeed, the Federal Circuit has repeatedly held that, almost as a rule in the patent context, "'a' or 'an' can mean 'one or more[.]'" *Baldwin Graphic Sys., Inc. v. Siebert, Inc.*, 512 F.3d 1338, 1342 (Fed. Cir. 2008).

It is undisputed that the specification does not include the phrase "a vane," and the Court recognizes the importance of the specification in constructing the claim. *Phillips v. AWH Corp.*, 415 F.3d 1303, 1315 (Fed. Cir. 2005) (en banc). However, the Federal Circuit has held that "the specification often describes very specific embodiments of the invention, [and it has] repeatedly warned against confining the claims to those embodiments." *Id.* at 1303. DRB also contends that the intrinsic evidence is ambiguous, and that extrinsic evidence, specifically the statements of the inventor admitting that the device could not operate with a single vane, is persuasive.

As the magistrate judge held, the Court in its review finds that the intrinsic evidence is not ambiguous. The specification includes the term "any number of vanes," [DE 221 p.12], which by its ordinary meaning would include one. *See Oxford English Dictionaries* online, https://premium.oxforddictionaries.com/definition/american_english/any, (defining "any" as "Used to refer to one or some of a thing or number of things, no matter how much or how many"). That the phrase "any number of vanes" appears only once in the specification does not render it meaningless. Additionally, the prosecution history does not reveal any clear intent to limit "a vane" to a plurality of vanes, and thus the Court cannot rely on it to construe the meaning of the claim as more narrow than it otherwise would be. *3M Innovative Properties Co. v. Tredegar Corp.*, 725 F.3d 1315, 1322 (Fed. Cir. 2013).

4

At bottom, "[t]o the extent possible, claim terms are given their ordinary and customary meaning, as they would be understood by one of ordinary skill in the art in question at the time of the invention." *Id.*, 725 F.3d at 1321. The construction of the term "a vane" recommended by the magistrate judge satisfies this standard and DRB has not demonstrated that it is erroneous. Its objection is overruled.

### 2. "Rotate Relative to the Opening"

The M&R recommends that this term be constructed as follows: move a body relative to the opening about a point at a fixed radius. DRB objects to this definition because it "results in a claim scope that does not require a full rotation." [DE 222 p. 10]. In support of its objection, DRB argues that it continues to believe the definition should include the phrase "complete a full revolution about an axis of rotation" and argues that the magistrate judge's recommended construction improperly relies on language in the specification that describes an embodiment not covered by the '588 patent claims, that the recommended construction does not explain what it means to "rotate relative to the opening", and finally that the '588 patent does not teach or otherwise disclose an embodiment that does not complete a full rotation (or move back and forth), and a construction that includes such embodiments renders the claim invalid.

Again, rather than direct the Court to a specific error in the magistrate judge's decision, DRB reiterates arguments that it made to the magistrate judge and which have been rejected. Its objections are further without merit.

Each of the embodiments in the '588 patent rotate. DRB asks the Court to read limitations into the claims, specifically the limitation that the rotation must complete a full revolution about an axis of rotation, but DRB has identified no clear intent to so limit the claim. *See Krausz Indus. Ltd. v. Smith-Blair, Inc.*, 122 F. Supp. 3d 381, 389 (E.D.N.C. 2015). On the contrary, nothing in

5

the claim language requires a complete revolution, and the Court will not read in a limitation that is not otherwise supported. *See also Kara Tech. Inc. v. Stamps.com Inc.*, 582 F.3d 1341, 1348 (Fed. Cir. 2009) ("The patentee is entitled to the full scope of his claims, and we will not limit him to his preferred embodiment or import a limitation from the specification into the claims.").

The phrase "rotate relative to the opening," as found by the magistrate judge, is not indefinite. This phrase can be understood by "its plain language within the context of the claim." [DE 221 p. 10 n.2]. Finally, DRB has not shown that the construction recommended by the magistrate judge would render the claim invalid. The claims plainly do not recite or require a restrictor member that moves back and forth or completes a full rotation. *See also Merriam-Webster Unabridged* online, https://unabridged.merriam-webster.com/unabridged/rotate (defining "rotate" as "to turn about an axis or a center"). In sum, DRB's objections are overruled.

**5. "A Side Profile of the Blocking Segment is Shaped to Mate with a Side Profile of the Opening, When the Blocking Segment is in the Closed Position."**

The M&R defines this term as "an outline of the blocking segment, as viewed from the side of the blocking segment, is shaped to match with an outline of the opening, when the blocking segment is in the closed position." DRB's objection is confined to the magistrate judge's use of the term "match". DRB continues to believe that "mate" should be defined as "contact the opening and completely block the flow of air."

Though DRB does not identify a specific error in the magistrate judge's construction, rather than generally objecting to it, the Court agrees with Trudell that DRB's construction of the term "mate" is not supported. DRB's construction conflicts with at least one claim directly, specifically Claim 18 which expressly states that air flow is restricted not completely blocked. DRB's objection to this construction is overruled.

6

**6. "Blocking Segment Configured to Rotate Relative to the Opening Between a Closed Position Where the Flow of Air Through the Opening is Restricted, and an Open Position Where the Flow of Air through the Opening is Less Restricted."**

**and**

**7. "Blocking Segment Configured to Translate Relative to the Opening [Along the Shorter-First Dimension] Between a Closed Position Where the Flow of Air Through the Opening is Restricted, and an Open Position Where the Flow of Air Through the Opening is Less Restricted."**

The M&R recommends that no construction is required for the above phrases. DRB objects to the magistrate judge's conclusion that DRB has failed to overcome the presumption that these claim terms, and specifically use of the terms "blocking segment," are not means-plus-function limitations under paragraph six of 35 U.S.C. § 112. Paragraph six of § 112 provides that

> An element in a claim for a combination may be expressed as a means or step for performing a specified function without the recital of structure, material, or acts in support thereof, and such claim shall be construed to cover the corresponding structure, material, or acts described in the specification and equivalents thereof.

35 U.S.C. § 112(f). This section, referring to means-plus-function terms, allows patentees "to express a claim limitation by reciting a function to be performed rather than by reciting structure for performing that function, while placing specific constraints on how such a limitation is to be construed[.]" *Williamson v. Citrix Online, LLC*, 792 F.3d 1339, 1347 (Fed. Cir. 2015). When the word "means" is used in a claim element, a rebuttable presumption arises that this provision applies, and, conversely, when "means" is not used, a rebuttable presumption arises that § 112 para. 6 does not apply. *Id.* at 1348.

"When a claim term lacks the word 'means,' the presumption can be overcome and § 112, para. 6 will apply if the challenger demonstrates that the claim term fails to recite sufficiently

7

definite structure or else recites function without reciting sufficient structure for performing that function." *Id.* at 1349 (internal quotations and citation omitted). DRB has not specifically identified any errors or flaws in the magistrate judge's analysis. DRB has further failed in its objection to demonstrate that it has overcome the presumption.

DRB principally relies on other cases in which courts have held that "non-structural generic placeholders may require means-plus-function treatment," listing terms such as mechanism, module, and component. [DE 222 p. 18]. But segment "is not a generic structural term such as 'means,' 'element,' or 'device'; nor is it a coined term lacking a clear meaning, such as 'widget' or 'ram-a-fram.'" *Personalized Media Commc'ns, LLC v. Int'l Trade Comm'n*, 161 F.3d 696, 704 (Fed. Cir. 1998). As the Federal Circuit has held when considering the term "digital detector," that the term "blocking segment" does not "specifically evoke a particular structure" does not mean that § 112 para. 6 applies. *Id.* at 705. Additionally, and as found by the magistrate judge, in light of the context of the claim, the term "blocking segment" is structure as it refers to the "structural segment of the respiratory treatment device that *actually restricts the flow of air through the opening.*" [DE 221 pp. 31-32] (emphasis added). Accordingly, and for those reasons discussed in detail in the M&R, the Court determines that DRB has failed to overcome the presumption that § 112 para. 6 does not apply and its objection is overruled.

**8. "Closed Position"**

**and**

**9. "Restricted"**

**and**

**10. "Blocking Surface"**

8

The M&R recommends that no construction is required for the above terms as they are readily understood in light of the claims and specification. DRB objects, arguing that its proffered constructions should be adopted. In support DRB reiterates arguments previously considered by the magistrate judge. DRB fails, however, to direct the Court to any specific error in the magistrate judge's recommendation that no construction is required, nor does it challenge any factual issues. At bottom, to adopt DRB's constructions would require the Court to improperly read limitations onto the terms. *See, e.g., Electro Med. Sys., S.A. v. Cooper Life Scis., Inc.*, 34 F.3d 1048, 1054 (Fed. Cir. 1994). DRB's objections to the construction of these terms is therefore overruled.

## CONCLUSION

In sum, to the extent there are no specific objections to the M&R, the Court is satisfied that there is no clear error on the face of the record. To the extent DRB has properly objected, the Court has considered the issues *de novo* and DRB's objections are overruled. The M&R is ADOPTED in its entirety.

SO ORDERED, this _13_ day of June 2022.

*Terrence Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE