UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:18-CV-00009-BO

| | |
|---|---|
| TRUDELL MEDICAL INTERNATIONAL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| D R BURTON HEALTHCARE LLC, ) | |
| ) | |
| Defendant. ) | |

This matter is before the Court on plaintiff's renewed motion for judgment as a matter of law pursuant to Fed. R. Civ. P. 50(b) or, in the alternative, a new trial pursuant to Fed. R. Civ. P. 59(a). [DE 313]. Defendant responded, and plaintiff replied, and the matter is ripe for disposition. For the reasons that follow, plaintiff's motion is denied.

## BACKGROUND

The Court dispenses with a full recitation of the background of this case and presumes familiarity with its factual and procedural history. Trudell has a patent describing a portable respiratory device that provides oscillating positive expiratory pressure therapy to help remove excess mucus from airways. Trudell sued Burton for allegedly selling a device (the "vPep") that infringed on its patent. On November 7, 2022, a jury trial commenced in Elizabeth City, North Carolina. Trudell presented evidence, including the testimony of Dr. Durgin, who was qualified as an expert witness. Burton presented evidence, including expert witness testimony from Dr. Collins and lay testimony from Mr. Lau, the head of D R Burton Healthcare LLC. Defendant's counsel presented the jury with actual samples of the vPep to show how it differed from the patent. At the close of Burton's evidence, Trudell moved for judgment as a matter of law, which was denied. The Court held a charge conference, the parties made closing arguments, and the Court instructed the

jury on the applicable law. After deliberating for two hours, the jury returned its verdict: the patent was valid, but there was no infringement. Now, Trudell asks the Court to reverse the jury's verdict pursuant to Fed. R. Civ. P. 50(b). Alternatively, Trudell asks for a new trial pursuant to Fed. R. Civ. P. 59(a).

## DISCUSSION

### I. Judgment as a matter of law

Fed. R. Civ. P. 50(b) provides that, upon a party's renewed motion for judgment as a matter of law after the denial of such a motion during trial, a court may (1) allow judgment on the verdict, (2) order a new trial, or (3) direct the entry of judgment as a matter of law. Fed. R. Civ. P. 50(b). "[W]hen a jury has returned its verdict, a court may grant judgment as a matter of law only if, viewing the evidence in a light most favorable to the non-moving party and drawing every legitimate inference in that party's favor, the court determines that the only conclusion a reasonable jury could have reached is one in favor of the moving party." *Saunders v. Branch Banking And Tr. Co.*, 526 F.3d 142, 147 (4th Cir. 2008) (citing *Figg v. Schroeder*, 312 F.3d 625, 635 (4th Cir. 2002)). A court is not permitted to weigh the evidence or evaluate the credibility of the witnesses when deciding on a Fed. R. Civ. P. 50(b) motion. *Bresler v. Wilmington Tr. Co.*, 855 F.3d 178, 196 (4th Cir. 2017). "As [Trudell] bore the burden of proof on the question of literal infringement, to be entitled to judgment as a matter of law it must establish that the evidence was not only sufficient to meet this burden, but is overwhelming, leaving no room for the jury to draw significant inferences in favor of the other party." *Radtke v. Lifecare Mgmt. Partners*, 795 F.3d 159, 165–66 (D.C. Cir. 2015); *see Precision Fabrics Grp., Inc. v. Tietex Int'l, Ltd.*, 367 F. Supp. 3d 487, 499 (D.S.C. 2019).

Juries in patent cases are put in a unique position given the highly complex nature of the subject matter. Some juries will understand the underlying technical claims, but many will struggle. A jury must attempt to weigh the evidence, but a jury is not unreasonable for struggling to comprehend dense technical evidence.[1] Instead, counsel must present the evidence clearly. If counsel fails to do so and the jury cannot understand the evidence, the jury may reasonably give that evidence less weight. Therefore, when the party with the burden of proof fails to present evidence clearly, a jury may reasonably return a verdict that the party failed to meet the burden of proof. *See Radtke*, 795 F.3d at 165–66.

Trudell requested a jury trial and presented the jury with a voluminous record of technical evidence. After being steeped in this case for years, this evidence may have seemed straightforward to Trudell, but the evidence was highly complicated. This jury earnestly attempted to understand the evidence, but drawing every legitimate inference in favor of the non-moving party, the Court finds that Trudell did not present the evidence clearly. Without the aid of a clear presentation, the jury was unable to comprehend such complicated evidence. And as a result, the jury did not fully understand Trudell's evidence and reasonably found Trudell had not carried its burden to prove infringement.

After meticulously citing the record, Trudell argues that "no reasonable jury could have found non-infringement from the record evidence." [DE 314 at 12]. But the jury was not required to decrypt the record to uncover Trudell's "strong case of infringement." Perhaps the raw evidence contained enough for a jury to find infringement, but all that evidence meant very little because it

---

[1] The Third Circuit has found that there are factual and legal concepts in a case that might be so complex so that any resolution by a jury would violate due process of law. *In re Japanese Elec. Prod. Antitrust Litig.*, 631 F.2d 1069, 1084 (3d Cir. 1980). However, Trudell does not raise that argument, so the Court need not consider it.

3

was not presented clearly.[2] Thus, the jury reasonably found Trudell did not carry its burden to prove infringement, and Trudell's motion for a judgment as a matter of law is without merit.

## II. New trial

In the alternative, Trudell motions for a new trial pursuant to Fed. R. Civ. P. 59(a). A motion for a new trial must be granted where "(1) the verdict is against the clear weight of the evidence, or (2) is based upon evidence which is false, or (3) will result in a miscarriage of justice, even though there may be substantial evidence which would prevent the direction of a verdict." *Atlas Food Sys. & Servs., Inc. v. Crane Nat. Vendors, Inc.*, 99 F.3d 587, 594 (4th Cir. 1996). This Court is permitted to weigh the evidence and consider the credibility of the witnesses when deciding a motion for a new trial. *Cline v. Wal-Mart Stores, Inc.*, 144 F.3d 294, 301 (4th Cir. 1998). The decision to order a new trial is within the trial court's discretion. *Whalen v. Roanoke Cnty. Bd. of Sup'rs*, 769 F.2d 221, 226 (4th Cir. 1985).

Trudell renews its argument that the jury verdict was against the clear weight of the evidence. But the Court has already dispatched that argument. Trudell's main argument is that this Court's errors caused a miscarriage of justice, requiring a new trial. Specifically, Trudell points to the Court's statements and the admission of Dr. Collins' testimony. First, Trudell has failed to show that the alleged errors were actually errors. Second, Trudell does not connect the alleged errors with a miscarriage of justice.

### (1) Court's statements

The Court has broad discretion to address witnesses and the jury. Trudell complains that the Court called its witness's testimony "painful" and questioned its relevance in the jury's

---

[2] The evidence was not one-sided as plaintiff suggests. During trial, the parties presented conflicting testimony regarding what qualified as a "vane." This Court will not revisit these esoteric issues but finds that defendant offered alternative ways for the jury to interpret of the evidence.

4

presence. Trudell also asserts the Court improperly "bifurcated" Trudell's case in chief by addressing the witness. The Court's statements were not error. When testimony is irrelevant, the Court may guide the witness back on track. Fed. R. Evid. 611(a)(1). Trudell cites no authority to the contrary, and even if it had, Trudell failed to show it suffered any prejudice.

In this civil case, it is within the Court's discretion to set time limits on the parties' presentation of evidence and inform the jury of the timeline. When describing the jury's expected time commitment, the Court said that it expected the jury to *begin deliberation* by the end of the week. Trudell argues the Court put undue pressure on the jury to reach a verdict when it "[told] the jury that the trial 'would certainly finish this week, if not sooner,' *i.e.*, in less than 4 days." [DE 314 at 17]. When read in context, the Court's statement was more nuanced than Trudell suggests.[3] And besides, Trudell cites no authority supporting the proposition that informing the jury how long the trial may last equates to undue pressure on the jury's deliberation. Instead, plaintiff cites *Witco Chem. Corp. v. Peachtree Doors, Inc.*, 787 F.2d 1545 (Fed. Cir. 1986), a case in which the Federal Circuit found the district court improperly dismissed a deadlocked jury only to recall them six weeks later with instructions to reach a decision. It is axiomatic that those facts are inapplicable to this case.

Trudell complains that the Court was "disinterested" and "[suggested] no interest in the relevant physics/science applicable to the technology at issue." Without logical or legal explanation, this claim deserves no further analysis. Trudell also claims the Court advised the parties of the right to "take this case up to the Federal Circuit and/or Washington D.C. for

---

[3] When referring to the parties' presentation of the evidence, the Court said, "I don't have any strong control over that. I have some control over that. But I would say we would certainly finish this week, if not sooner." [DE 315 33:15-17].

5

resolution." Trudell does not explain why advising the parties of their right to appeal warrants a new trial.

Trudell argues that the Court committed a procedural error when it failed to notify counsel of the exact instructions it planned to read to the jury. Again, Trudell cites no authority supporting their contention that it is entitled to a verbatim copy of the jury instructions. In the charge conference, the Court informed the parties that it would use a combination of both parties' jury instructions. Trudell may not have known the precise language the Court would read to the jury, but it fails to show this caused prejudice (such as by leading Trudell to give a closing argument that conflicted with the final instructions). In the absence of prejudice, any alleged procedural error was harmless. *Johnson v. Gen. Bd. of Pension & Health Benefits of United Methodist Church*, 733 F.3d 722, 732 (7th Cir. 2013). Trudell also argues the Court improperly instructed the jury. As of the date of this order, Trudell has not identified any specific errors that had a reasonable probability of affecting the jury's verdict.[4]

## (2) Dr. Collins's testimony

Trudell argues it deserves a new trial because this Court erred in allowing Burton's expert witness (Dr. Collins) to testify. When a new trial is sought based on a purported evidentiary error by the district court, a verdict may be set aside only if an error is so grievous as to have rendered the entire trial unfair. *United States Equal Emp. Opportunity Comm'n v. Consol Energy, Inc.*, 860 F.3d 131, 145 (4th Cir. 2017). Trudell argues that without Dr. Collins' testimony, the testimony of their expert witness (Dr. Durgin) would have been unrefuted. Therefore, no reasonable jury could have returned a verdict of non-infringement.

---

[4] Trudell identifies one allegedly erroneous instruction regarding damages, but there were no damages because there was no infringement. Therefore, that alleged error was harmless.

This argument is flawed because the jury, not the Court, determines whether an expert is credible and whether the expert's opinions are correct. *Syngenta Crop Prot., LLC v. Willowood Azoxystrobin, LLC*, 267 F. Supp. 3d 649, 655 (M.D.N.C. 2017). The opinion of an expert witness is not conclusive or binding on the factfinder, even if it is unrefuted. *Robinson v. Worley*, 540 B.R. 568 (M.D.N.C. 2015). Therefore, this jury was not required to find Dr. Durgin's testimony credible and thus was not bound to return a verdict consistent with his expert opinion.

On direct, Dr. Durgin attempted to explain infringement using highly complicated charts and figures. As discussed *supra*, it is reasonable to infer the jury found this presentation incomprehensible. The jury was free to disbelieve Dr. Durgin's testimony, particularly based on defendant's cross-examination, which highlighted some inconsistencies in his testimony. *Precision Fabrics Grp., Inc. v. Tietex Int'l, Ltd.*, 367 F. Supp. 3d 487, 499 (D.S.C. 2019). Given Dr. Durgin's esoteric testimony and the cross-examination, the jury could have reasonably given his testimony little weight. Thus, even assuming the admission of Dr. Collins's testimony was error, it was not so grievous to have rendered the entire trial unfair.

However, the admission of Dr. Collins's testimony was not error. Trudell argues Dr. Collins's testimony should have been excluded because he "never prepared any written expert report on non-infringement as required under Rule 26(a)(2)(B) and (D)." District courts are accorded "broad discretion" in determining whether a party's nondisclosure or untimely disclosure of evidence is substantially justified or harmless. *Wilkins v. Montgomery*, 751 F.3d 214, 222 (4th Cir. 2014). In making this determination, the Court is guided by the following factors:

(1) the surprise to the party against whom the evidence would be offered;
(2) the ability of that party to cure the surprise;
(3) the extent to which allowing the evidence would disrupt the trial;
(4) the importance of the evidence; and
(5) the nondisclosing party's explanation for its failure to disclose the evidence.

7

*S. States Rack And Fixture, Inc. v. Sherwin-Williams Co.*, 318 F.3d 592, 597 (4th Cir. 2003). Considering those factors, the Court reaffirms its decision to allow Dr. Collins's testimony. After hearing a motion in limine on the matter, the Court "reserve[d] a ruling on that until the end of plaintiff's case. . ." [DE 315 at 8:25-9:1]. Indeed, the Court did just that, putting Trudell on notice that Dr. Collins might testify. Dr. Collins provided a sworn declaration summarizing large portions of his testimony. Trudell had previously deposed Dr. Collins and had the opportunity to cross examine him at trial. As a result, the Court was within its discretion to allow Dr. Collins's testimony.

Trudell accuses defense counsel and various witnesses of making several statements that prejudiced the jury and entitle it to a new trial. [DE 314 at 21-22]. Without logical explanation or legal citation, Trudell's conclusory statements warrant no further analysis.

Seeing no evidence of "a miscarriage of justice," the Court denies the motion for a new trial. *Uzoukwu v. Metro. Washington Council of Governments*, No. 11-CV-00391 (CRC), 2017 WL 4712077, at *1 (D.D.C. July 11, 2017).

## CONCLUSION

For the foregoing reasons, plaintiff's motion [DE 313] is DENIED.

SO ORDERED, this ___1___ day of March, 2023.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE